ALDEN J. PARKER, SBN 196808

Email: aparker@fisherphillips.com

DREW M. TATE, SBN 312219

Email: dtate@fisherphillips.com

FISHER & PHILLIPS LLP

621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Plaintiff

EL & EL WOOD PRODUCTS CORP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO COURTHOUSE

| | |
|---|---|
| EL & EL WOOD PRODUCTS CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO COPADO, an individual,<br><br>Defendants. | Case No: 2:20-cv-01500-JAM-CKD<br><br>**STIPULATION FOR PERMANENT INJUNCTIVE RELIEF; [PROPOSED] ORDER**<br><br>Complaint Filed:   July 24, 2020<br>Trial Date:           Not Set |

Plaintiff EL & EL WOOD PRODUCTS CORP. ("Plaintiff") on the one hand, and Defendant ERNESTO COPADO ("Defendant") on the other hand, stipulate and agree as follows:

1

1. Plaintiff and Defendant hereby consent to the exercise of jurisdiction by the United States District Court, Eastern District of California, in particular United States Magistrate Judge Carolyn K. Delaney, with regard to these proceedings, this Stipulation, and any orders entered pursuant to this Stipulation.

2. On July 24, 2020, Plaintiff filed a Complaint against Defendant in the United States District Court, Eastern District of California, Case Number 2:20-cv-01500-JAM-CKD, asserting the following causes of action: (1) misappropriation of trade secrets in violation of the Defend Trade Secrets Act (18 U.S.C. § 1836); (2) misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act (Cal. Civ. Code, §§ 3426.1, *et seq.*); (3) defamation; (4) malicious prosecution; (5) abuse of process; and (6) unfair competition in violation of California Business and Professions Code, section 17200, *et seq.* (the "Complaint").

3. In and around August 2020, the Parties engaged in formal settlement discussions, where the Parties were able to resolve all claims and issues among them and have executed a General Release and Settlement Agreement (the "Settlement Agreement"), in which this Stipulation is expressly referenced as **Exhibit A**.

4. The Parties hereby stipulate to the following: (1) that Defendant had an agreement during his employment that prohibits the use of Plaintiff's trade secrets/confidential proprietary information; (2) that Defendant had access to Plaintiff's trade secrets/confidential proprietary information while employed with Plaintiff; (3) that he took Plaintiff's trade secrets/confidential proprietary information following the conclusion of his employment with Plaintiff; and (4) he used Plaintiff's trade secrets/confidential proprietary information to solicit Plaintiff's employees in an effort to persuade Plaintiff's employees to move their employment to another company.

5. In order to remediate the above conduct by Defendant and protect against Defendant's use of Plaintiff's trade secrets/confidential proprietary information in the future, Plaintiff and Defendant, on behalf of himself and any affiliated entity, agree to the following provisions:

   a. Defendant, on behalf of himself and any entities in which he is affiliated with and/or has direct or indirect ownership, will return any documents or information that he acquired while employed with Plaintiff or after his employment ended to Plaintiff; and

   b. Defendant shall be permanently prohibited from using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or

indirectly, any of Plaintiff's "Trade Secret Information," defined as Plaintiff's compensation rates, employee benefits information, information about employee's performances, and employee files:

        i.     From directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm, using Plaintiff's Trade Secret Information in undertaking or assisting in the solicitation of any of Plaintiff's employees for a period of ten (10) years from the date the Court signs the Order regarding this Stipulation for Permanent Injunctive Relief.

6.     No modification or waiver of this Stipulation shall be deemed effective, unless it is in writing and signed by all Parties to this Stipulation, including Plaintiff and Defendant, or their respective counsel.

7.     Plaintiff shall be entitled to recover attorneys' fees and costs incurred in enforcing this Stipulation for Permanent Injunctive Relief.

8.     The Court shall retain and reserve jurisdiction over the Parties to this Stipulation, including over Defendant, and over the subject matter of this action, for the purposes of enforcing this Stipulation.

9.     The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and same instrument.

IT IS SO STIPULATED.

Dated: _____, 2021        Defendant ERNESTO COPADO

By: _____
     ERNESTO COPADO
     Pro Per

Dated: _____, 2021		Plaintiff EL & EL WOOD PRODUCTS CORP.


					By: _____
					       Print Name:

					       Title:


Dated: February 3, 2021			FISHER & PHILLIPS LLP




					By: */s/ Drew M. Tate*
					       _____
					       ALDEN J. PARKER

					       DREW M. TATE


					       Attorneys for Plaintiff

					       EL & EL WOOD PRODUCTS CORP.

4

**[PROPOSED] ORDER**

Pursuant to the Parties' Stipulation (ECF No. 16), IT IS HEREBY ORDERED THAT:

1. Defendant ERNESTO COPADO ("Defendant") will return any documents or information, including Plaintiff's trade secrets/confidential proprietary information, he has regarding or relating in any way to Plaintiff EL & EL WOOD PRODUCTS CORP. ("Plaintiff") to Plaintiff's counsel at Fisher & Phillips LLP within 14 days of this Order;

2. Defendant shall be permanently prohibited from using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to or sharing with any person whatsoever, directly or indirectly, any of Plaintiff's "Trade Secret Information," defined as Plaintiff's compensation rates, employee benefits information, information about employee's performances, and employee files; and

3. Defendant shall be prohibited from directly or indirectly, on his own or his company's behalf, or on behalf of any other person, entity or firm, undertaking or assisting in the solicitation or contact with Plaintiff's employees for a period of ten (10) years from the date the Court signs this Order regarding the Parties' Stipulation for Permanent Injunctive Relief.

PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

Dated: February 4, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE